07 CV 10727

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LUYANG (HK) GROUP LIMITED,

             Plaintiff,

   - against -

MARVEL INTERNATIONAL MANAGEMENT AND
TRANSPORTATION CO. LTD. and EUROTEAM
MARITIME SA

             Defendants.

-----------------------------------------------------------------X



07 CIV

ECF CASE

## VERIFIED COMPLAINT

Plaintiff, LUYANG (HK) GROUP LIMITED ("Luyang" or "Plaintiff"), by and through

its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the

Defendants, MARVEL INTERNATIONAL MANAGEMENT AND TRANSPORTATION CO.

LTD. ("Marvel") and EUROTEAM MARITIME S.A. ("Euroteam") alleges, upon information

and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this

matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.,*

and this Court's federal question jurisdiction, 28 United States Code § 1331.

    2.    At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity organized and existing under Chinese law with a place of business at

Hong Kong, China.

3.    Upon information and belief, Defendant Marvel was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an office in Istanbul, Turkey.

4.    Upon information and believe, Defendant Euroteam was, and still is, a foreign corporation or other business entity organized and existing under foreign law with an office in Piraeus, Greece.

5.    At all material times, Marvel was the disponent owner of the M/V "GENCO EXPLORER" (hereinafter the "Vessel").

6.    Marvel originally chartered the Vessel to Plaintiff for one time chartered trip under a charter party contract.

7.    Plaintiff has duly performed all obligations on its part to be performed under the time charter party contract.

8.    Immediately after agreeing to the September 13, 2007 charter party, the Plaintiff agreed to sub-charter the Vessel back to Marvel for a voyage from Port Kelang, Malaysia to Ravenna, Italy for the carriage of approximately 30,000 metric tons of steel coils.

9.    The September 13, 2007 charter provided for freight to be paid at the rate of $70,000 per metric ton of cargo shipped.

10.    Despite due demand by Plaintiff, Defendant Marvel has only made a partial payment in the sum of $1,032,860.44 of the overall amount of freight due to Plaintiff in the sum of $1,432,860.44, thus leaving an amount due and owing by Marvel to Plaintiff in the sum of $400,000.

11.    The September 13, 2007 voyage charter party contract provides for arbitration in London with English law to apply.

12.    Plaintiff is preparing to commence arbitration proceedings against Defendant Marvel on its claim.

13.    Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs, including attorney's fees, arbitrator's fees, disbursements and interest are recoverable as an element of the Plaintiff's claim.

14.    As best as can now be estimated, Plaintiff expects to recover from the Defendant, Marvel, the following amounts in the London arbitration:

| | | |
|---|---|---|
| A. | Principal claim: | $400,000.00 |
| B. | Interest for 3 years at 9.5% compounded quarterly: | S130,135.56 |
| C. | Estimated attorneys' fees and expenses: | $200,000.00 |
| D. | Estimated arbitration costs: | $50,000.00 |
| **Total** | | **$780,135.56** |

15.    Upon information and belief, Defendant Marvel uses Defendant Euroteam as a "paying/receiving agent" or "pass through" entity such that it can insulate itself from creditors relating to its contracts.

16.    It is not a general practice in the maritime community, nor anywhere else, for independent companies conducting business at arms length to make or receive large payments on behalf of other independent companies.

17.    Payments sent or received on behalf of another independent company are indicative of a relationship and/or transaction that is not "arms length" or otherwise legitimate.

18.    Upon information and belief, Euroteam makes and receives payments on Marvel's behalf where Euroteam has no contractual relationship with Marvel's creditors.

19.    Upon information and belief, Euroteam was instructed by Marvel to make payments to Plaintiff, and did in fact make such payments to Plaintiff, under the September 13, 2007 charter party contract.

20.    The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

21.    The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia,* any assets of the Defendants held by any garnishee within the District for the purpose of obtaining personal jurisdiction over the Defendants and to secure the Plaintiff's claims as described above.

**WHEREFORE,** Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also

pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels,

credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any

other funds held by any garnishee within the District which are due and owing to the Defendants,

in the amount $780,135.56 calculated to date to secure the Plaintiff's claims, and that all persons

claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty

Rule B answer the matters alleged in the Complaint;

D.    That this Court recognize and confirm any arbitration award(s) or judgment(s)

rendered on the claims set forth herein as a Judgment of this Court

E.    That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof;

F.    That this Court award Plaintiff its attorney's fees and costs of this action; and

G.    That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: November 30, 2007
      Southport, Connecticut

                The Plaintiff,
                LUYANG (HK) GROUP LTD.

By:_____
                Patrick F. Lennon (PL-2162)
                LENNON, MURPHY & LENNON, LLC
                The GrayBar Building
                420 Lexington Ave., Suite 300
                New York, NY 10170
                (212) 490-6050 – phone
                (212) 490-6070 – fax
                pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     )     ss.:    Southport
County of Fairfield )

1.      My name is Patrick F. Lennon

2.      I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.      I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the

Plaintiff.

4.      I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

5.      The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.      The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

7.      I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     November 30, 2007
            Southport, Connecticut

_____
Patrick F. Lennon

6